UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH L. MILLENDER, | ) | CASE NO. 5:20-CR-38 |
| | ) | 5:23-CV-2460 |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF # 56.) Petitioner challenges his conviction under 18 U.S.C. § 922(g)(1) as unconstitutional as-applied to him due to the Supreme Court's holding in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 2122 (2022). The Government has responded in opposition. (ECF #58.)

**BACKGROUND FACTS**

On January 15, 2020, a federal grand jury charged Petitioner with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF #1.) The indictment cited three of Petitioner's prior felony convictions: a 2008 Ohio conviction for Domestic Violence; a 2012 Ohio conviction for Domestic Violence; and a 2014 Ohio conviction for Domestic Violence. *Id.* Each of those convictions were for violations of O.R.C. § 2919.25(A).

On February 28, 2022, Petitioner pled guilty to the indictment without a written plea agreement. (See ECF #35, #49, Plea Trans.). During sentencing, the Court found that

1

Petitioner's Ohio domestic violence convictions qualified as Armed Career Criminal Act predicates and that he therefore qualified for the ACCA enhancement.  (ECF #52, Sentencing Hearing Tr.)  Thus, governing statute required the Court to impose a mandatory-minimum 180-month sentence.  *Id.*; see also U.S.S.G. § 5G1.1(b).  Petitioner appealed his sentence and on September 13, 2023, the Sixth Circuit of Appeals affirmed this Court's judgment and sentence.  (ECF #55.)  In its order affirming the Court's judgment, the Sixth Circuit found they were bound by precedent that "a conviction under section 2919.25(A) is a violent felony."  (ECF #54.)

## LAW AND ARGUMENT

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced.  Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).

Petitioner contends that *Bruen* establishes a presumption of lawfulness for possession of a firearm by all Americans and that the Court must examine the conduct associated with the possession, rather than the prior convictions of the possessor.  Specifically, he argues, "The government cannot rely on Movant's priors to determine if disarming him is constitutional because the *Bruen* court says to analyze the conduct being regulated not the status of the person performing the conduct."  (ECF #56-1.)  Petitioner's argument was rejected on its face by the Sixth Circuit in *United States v. Williams,* No. 23-6115, 2024 U.S. App. LEXIS 21375 (6th Cir. Aug. 23, 2024).

In *Williams,* the Sixth Circuit examined a facial and as-applied challenge to 18 U.S.C. § 922(g)(1) under new Second Amendment jurisprudence, recognizing the shift in analysis necessitated by the Supreme Court's ruling in *N.Y. State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022).  In its review, the Sixth Circuit found that the Second Amendment's plain text presumptively protects firearm possession by the political community of "all Americans" without distinction for felons and non-felons.  *Id.* at *16-17.  (As the Court explained in *Heller*, "the people" "unambiguously refers to all members of the political community, not an unspecified subset."  554 U.S. at 580.  The right thus belongs to "all Americans."  *Id.*  Nothing in the Second Amendment's text draws a distinction among the political community between felons and non-felons—or, for that matter, any distinction at all *** On balance, the Second Amendment's plain text presumptively protects Williams's conduct.)  Accordingly, the burden shifts to the Government to justify its regulation of felon disarmament by demonstrating that the regulation is consistent with the Nation's historical tradition of firearm regulation.  *Id.* at *14 (citing *Bruen,* 597 U.S. at 24).

After a lengthy examination of the Nation's history and tradition of firearm regulation, the Sixth Circuit concluded, "This historical study reveals that governments in England and colonial America long disarmed groups that they deemed to be dangerous."  *Id.* at *34.

Against this backdrop the Sixth Circuit specifically instructed trial courts to consider a 922(g)(1) defendant's dangerousness, including the entire criminal history of the defendant when considering as-applied challenges to the statute after *Bruen:*

> To summarize, we hold today that § 922(g)(1) is constitutional on its face and as applied to dangerous people.  Our nation's historical tradition confirms *Heller's* assumption that felon-in-possession laws are "presumptively lawful."  The history reveals that legislatures may disarm groups of people, like felons, whom the legislature believes to be dangerous—so long as each member of that disarmed

3

> group has an opportunity to make an individualized showing that he himself is not actually dangerous.
>
> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.
>
> A more difficult category involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements. But such a case is not before us today.
>
> In any event, district courts need not find a "categorical" match to a specific common-law crime to show that a person is dangerous. Rather, district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction. **Finally, when considering an individual's dangerousness, courts may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution.**

Id. at *48-50 (emphasis added). Accordingly, the Sixth Circuit has rejected Petitioner's argument on its face.

### DANGEROUSNESS DETERMINATION

Under *Williams,* the Court must make a fact-specific determination of the dangerousness of Petitioner to determine whether he has been lawfully disarmed and 922(g)(1) is constitutional as-applied to him.

Petitioner's Final Revised Presentence Report (ECF #35, SEALED) contains a lengthy list of prior criminal convictions, including convictions the Court may consider crimes "against the body of another human being." Specifically, Petitioner has three separate convictions for felony Domestic Violence in violation of O.R.C. § 2919.25(A). Sixth Circuit jurisprudence holds that violations of 2919.25(A) are "violent felonies under the ACCA's § 924(e) and crimes of violence under the Guidelines § 4B1.2." *United States v. Mitchell,* No. 21-3896, 2022 U.S. App. LEXIS 29423, at *7 (6th Cir. Oct. 21, 2022) (relying on *United States v. Gatson,* 776 F.3d

4

405, 411 (6th Cir. 2015)).  The Court found at sentencing that Petitioner's prior domestic violence convictions were violent felonies and crimes of violence which subjected Petitioner to penalties as an Armed Career Criminal.  (*See* Transcript of Sentencing Proceedings, ECF #52.)

Although the Sixth Circuit cautioned in *Williams* that courts need not find a "categorical" match to a specific common-law crime to show that a person is dangerous, the Court considers felony domestic violence convictions under O.R.C. § 2919.25(A) as crimes "against the body of another human being."  As such, the Sixth Circuit, in *dicta,* states, "While we ultimately reserve this question for another day, there is little debate that violent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Williams,* at *25.  The Court agrees.  Petitioner's prior § 2919.25(A) convictions provide strong evidence of dangerousness.  Further, the Final Revised Presentence Report describes specific incidents of dangerousness: 1) Petitioner punching a woman multiple times, resulting in blood on her face and notable swelling, and 2) Petitioner struck a woman in the head with a beer bottle.  These facts describe specific crimes against the body of another human being and are not merely formulaic, statutory categories.  Examining the specific facts of his convictions, the Court finds that Petitioner cannot demonstrate he is not dangerous and, thus, may be lawfully disarmed without running afoul of the Second Amendment.

## CONCLUSION

The Court finds that upon consideration of the unique circumstances of the Petitioner he is dangerous and falls into the category of felons that may be lawfully disarmed.  Under these specific facts, 922(g)(1) as applied to Petitioner, is constitutional.  Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is **DENIED.**

**IT IS SO ORDERED.**

          /s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: August 29, 2024**